The STATE of Ohio, Appellee,

v.

BANKS, Appellant.■

[Cite as *State v. Banks* (1996), 116 Ohio App.3d 659.]

Court of Appeals of Ohio,
Third District, Crawford County.

No. 3-96-23.

Decided Dec. 19, 1996.

*Russell Wiseman,* Crawford County Prosecuting Attorney, and *Rhonda G. Burggraf,* Assistant Prosecuting Attorney, for appellee.

*John Spiegel,* for appellant.

THOMAS F. BRYANT, Judge.

This appeal, submitted on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12. Pursuant to Loc.R. 12(5), we have elected to render decision by written opinion.

Defendant-appellant, David Banks, appeals from the judgment of the Crawford County Common Pleas Court denying his motion for postconviction relief. On November 13, 1989, appellant was sentenced to ten to twenty-five years incarceration on one count of rape, a violation of R.C. 2907.02.

On September 18, 1996, appellant filed a motion for postconviction relief based on Amended Substitute Senate Bill No. 2 and R.C. 1.58. Appellant argued that his sentence should be modified based on R.C. 2929.14, amended pursuant to Am.Sub.S.B. No. 2 on July 1, 1996. He claimed this modification would reduce his sentence from one of ten to twenty-five years to one of a maximum of ten years. The court overruled appellant's motion, stating that Am.Sub.S.B. No. 2 did not have retroactive application and therefore did not apply to appellant's sentence which was imposed prior to the amendment. It is from this judgment that appellant asserts the following assignment of error:

"The trial court erred in overruling the motion of the defendant to modify his sentence based upon [Amended Substitute] Senate Bill 2."

Am.Sub.S.B. No. 2 provides:

■ "Section 5. The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and, notwithstanding division (B) of section 1.58 of the Revised Code, to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposes a term of imprisonment for an offense that was committed prior to that date.

"The provisions of the Revised Code in existence on and after July 1, 1996, apply to a person who commits an offense on or after that date." 146 Ohio Laws, Part IV, 7810, as amended by Am.Sub.S.B. No. 269, Section 3, 146 Ohio Laws, Part IV, 11099.

■ Therefore, by its express terms, Am.Sub.S.B. No. 2 is only to apply prospectively to those persons sentenced after July 1, 1996. Furthermore, R.C. 1.48 states that statutes are to be given prospective operation unless the legislature expressly indicates that the statute is to be applied retroactively. In addition, R.C. 1.58(A)(3) provides that the amendment of a statute does not affect any penalty or punishment imposed prior to the amendment. While R.C. 1.58(B) provides a limited exception to R.C. 1.58(A)(3), it does not open the door for a retroactive application of Am.Sub.S.B. No. 2 in the case *sub judice.*

Section 1.58(B) provides:

"If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

Appellant argues that because there was an amendment of the penalty portion of the rape statute, R.C. 1.58(B) operates to reduce his sentence. This argument, however, is without merit. R.C. 1.58(B) is intended to allow those persons who have been arrested, charged, or convicted of a crime prior to the effective date of the amendment, but not yet sentenced, to be sentenced under the amended statute. *State v. Linton* (Sept. 30, 1996), Portage App. No. 96–P–0001, unreported, 1996 WL 635845, citing *State v. Burton* (1983), 11 Ohio App.3d 261, 11 OBR 388, 464 N.E.2d 186. Therefore, this section does not apply to those sentences, like appellant's sentence for rape, that have already been imposed.

Consequently, the new sentencing guidelines for felony offenders do not apply to those persons already sentenced under prior law. Since appellant committed the felony offense and was convicted and sentenced prior to July 1, 1996, he is not entitled to resentencing pursuant to Am.Sub.S.B. No. 2. We, therefore, overrule appellant's assignment of error and affirm the judgment of the Crawford County Court of Common Pleas.

*Judgment affirmed.*

HADLEY, P.J., and SHAW, J., concur.