Defendant-appellant, Delbert Fowler, appeals the February 21, 1996 judgment entry of the Mahoning County Court of Common Pleas imposing sentence subsequent to appellant's plea of guilty to charges of murder, aggravated burglary, aggravated robbery, and kidnapping.
Appellant was charged with causing the murder of Hector Ramirez, with entering the occupied home of Arlene Ramirez with the purpose to commit a theft offense, with inflicting serious physical harm on Hector Ramirez in committing or in his flight following the theft offense, and with restraining the liberty of Hector Ramirez for the purpose of terrorizing or harming him. On June 23, 1995 appellant was indicted by the Mahoning County Grand Jury. Count 1 of the indictment alleged aggravated murder in the course of an aggravated robbery or kidnapping, a violation of R.C. 2903.01(B).[1] Count 2 of the indictment alleged aggravated burglary, a violation of R.C. 2911.11(A)(3). Count 3 of the indictment alleged aggravated robbery, a violation of R.C. 2911.01(A)(2). Count 4 of the indictment alleged kidnapping, a violation of R.C. 2905.01(A)(3). Each of the four counts contained a firearm specification.
On February 21, 1996, appellant entered into a Rule 11 plea agreement, wherein Count 1 of the indictment was amended to the charge of murder, a violation of R.C. 2903.02. Appellant and State of Ohio, appellee, stipulated that the firearm specifications merged for the purpose of sentencing. To the indictment as amended, appellant entered guilty pleas.
The trial court proceeded immediately to sentencing, imposing the mandatory sentence on Count 1 of not less than fifteen years nor more than life. The trial court merged the firearm specifications and imposed a sentence of three years actual incarceration prior to and consecutive with this sentence. On each of the three remaining counts, the trial court imposed a sentence of not less than ten years nor more than twenty-five years. In addition, the trial court ordered that the sentences were to be served consecutively to one another.
At the time of sentencing, appellant moved to merge Counts 2 through 4 of the indictment, arguing that the allegations in the indictment alleged allied offenses of similar import. In the alternative, appellant urged the court to merge Counts 2 and 3, the aggravated burglary and the aggravated robbery charges, arguing that they were similar offenses and that the evidence showed that they were committed in a continuing course of conduct. The trial court denied appellant's motion.
On February 29, 1996, appellant filed a motion to correct the sentence, wherein appellant repeated his prior request to have the trial court merge Counts 2 through 4. In addition, appellant appeared to request a declaration from the trial court that the three-year term of incarceration imposed by the firearm specification was included in the total aggregate minimum term of twenty years imposed by application of R.C.2929.41(E)(1). On March 7, 1996, the trial court overruled appellant's motion, stating:
 "Defendant's Motion to Correct a Sentence considered. By operation of law, defendant's sentences of imprisonment are subject to the limitations imposed pursuant to ORC. 2929.41(E)(1) and 2929.41(C)(3), therefore, the sentence need not be corrected. Motion overruled.
 "Defendant's Motion to Merge Counts Two, Three, and Four pursuant to ORC. 2941.25 is overruled as moot since the relief requested is achieved by virtue of the limitations on sentencing imposed under ORC. 2929.41(E)(1)."
On March 22, 1996, appellant timely appealed the trial court's March 7, 1996 decision denying appellant's motion to correct the sentence.
In his first assignment of error, appellant argues:
 "It was prejudicial error to fail to merge Counts Two through Four of the indictment pursuant to O.R.C. 2941.25."
Appellant's argument is that the charges of aggravated robbery, aggravated burglary and kidnapping are all offenses of similar import inasmuch as each was committed with the element of force at the same time.
In response, appellee contends that aggravated burglary is not implicit within kidnapping, and that kidnapping is not implicit within aggravated burglary (citing State v. Waddy
[1992], 63 Ohio St.3d 424, 448). Appellee argues that aggravated burglary does not inherently require the victim's restraint. Thus, appellee concludes that aggravated burglary is not an allied offense of similar import to kidnapping.
In addition, appellee cites State v. Frazier (1979), 58 Ohio St.2d 253, for the proposition that the crimes of aggravated robbery and aggravated burglary do not merge, as a defendant may be convicted of both. Appellee argues that burglary is complete upon the forceful entry into a home with the intent to commit a felony (citing Frazier, supra). Appellee also claims that the crimes of aggravated robbery and kidnapping are not allied offenses of similar import. Finally, appellee argues that appellant has failed to show any factual basis or any evidence to demonstrate that his conduct demonstrates a single animus as required by State v. Blankenship (1988), 38 Ohio St.3d 116.
R.C. 2941.25 states:
 "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."
 "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
In State v. Moss (1982), 69 Ohio St.2d 515, 519, the Supreme Court of Ohio held that R.C. 2941.25 had:
 "authorized trial courts, in a single criminal proceeding, to convict and to sentence a defendant for two or more offenses, having as their genesis the same criminal conduct or transaction, provided that the offenses 1) were not allied and of similar import, 2) were committed separately or 3) were committed with a separate animus as to each offense."
Offenses are of similar import when their elements correspond to such a degree that commission of one offense constitutes commission of the other offense. See State v. Reynolds (1998),80 Ohio St.3d 870. In Blankenship, supra, at 117, the Ohio Supreme Court set forth the following two-step test for determining whether offenses are of similar import:
 "In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. * * *" (Citations omitted.)
Whether multiple offenses are allied offenses depends upon the facts and circumstances in each case. See State v. Kent
(1980), 68 Ohio App.2d 151, 154. When a defendant pleads guilty to multiple offenses of similar import and the trial court accepts the pleas, the trial court has a duty to conduct a hearing and to make a determination as to whether the crimes were committed separately or with a separate animus for each offense. See State v. Mangrum (1993), 86 Ohio App.3d 156, 158. However, if the crimes are not allied offenses of similar import, then there is no need to conduct such a hearing. SeeId., at 160.
Our analysis must begin with a comparison of the statutory elements of the offenses charged. The offense of aggravated burglary as charged in the instant case under R.C.2911.11(A)(3) is defined as follows:
 "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure, as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense, as defined in section 2913.01
of the Revised Code, or any felony, when any of the following apply:
 "(3) The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present."
The offense of aggravated robbery as charged in the instant case under R.C. 2911.01(A)(2) is defined as follows:
 "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall do either of the following:
"* * *
 "(2) Inflict, or attempt to inflict serious physical harm on another."
Our comparison of the elements of these two offenses makes it clear that they are not so similar that the commission of one necessarily results in the commission of the other. Obviously, one may trespass in an occupied structure without inflicting or attempting to inflict serious harm to anyone or with the purpose to commit a felony other than a theft offense and be guilty of aggravated burglary but not of aggravated robbery. So too, one may inflict or attempt to inflict serious harm to somebody in the attempt or commission of a theft offense in a place other than an occupied structure and be guilty of aggravated robbery but not aggravated burglary. Therefore, the offenses of aggravated burglary and aggravated robbery as charged in the instant case are not allied offenses of similar import. Accord State v Rack (Aug. 13, 1990), Warren App. No. CA89-10-057, unreported; State v Turner (Mar. 16, 1992), Clermont App. Nos. CA91-03-017, CA91-03-021 and CA91-03-024, unreported; State v. Gipson (Jan. 18, 1995), Hamilton App. No. C-930814, unreported.
Similarly, the offenses of aggravated burglary and kidnapping as charged in the instant case are not allied offenses of similar import. R.C. 2905.01(A)(3) states:
 "(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where he is found or restrain him of his liberty, for any of the following purposes:
"* * *
 "(3) To terrorize, or to inflict serious physical harm on the victim or another;"
"Kidnapping requires the removal or restraint of another, but aggravated burglary does not. Aggravated burglary requires a trespass into an occupied structure, but kidnapping does not."State v. Dunn (Nov. 20, 1991), Marion App. No. 9-89-27, unreported. Clearly the commission of either one of these offenses does not necessarily result in the commission of the other.
Finally, with regards the offenses of kidnapping and aggravated robbery, in the instant case aggravated robbery as charged under R.C. 2911.01(A)(2) does not require restraint or removal of another, whereas kidnapping does. In addition, aggravated robbery requires the defendant to be attempting, committing, or fleeing from a theft offense, whereas kidnapping does not. Although the infliction of harm is a common element in both offenses, it is possible to restrain or remove another in the commission of a non-theft offense and be guilty of kidnapping but not aggravated robbery. Alternatively, it is possible for a defendant to inflict harm upon another in the course of a theft offense and be guilty of aggravated robbery but not of kidnapping. Hence aggravated robbery and kidnapping as charged in the instant case are not so similar that the commission of one of them necessarily results in the commission of the other.
Because none of the offenses charged in the instant case are allied offenses of similar import we need not reach the second step in the Blankenship test. Nor was the trial court required to conduct a hearing to make a determination as to whether the crimes were committed separately or with a separate animus for each offense. See Mangrum, supra.
Appellant's first assignment of error is without merit.
In his second assignment of error, appellant argues:
 "It was prejudicial error to sentence Appellant to an aggregate minimum term of twenty years plus three years for the firearm specification."
Appellant was sentenced to not less than fifteen years nor more than life for the charge of murder. A sentence of three years actual incarceration for the firearm specification was added, to be served prior to and consecutive with this sentence. On each of the three remaining counts, the trial court imposed a sentence of not less than ten years nor more than twenty-five years. The trial court ordered that the sentences were to be served consecutively to one another. According to R.C.2929.41(C)(1), when terms of imprisonment are ordered by the trial court to be served consecutively the minimum term to be served is the aggregate of the minimum terms imposed. In the present case, this would amount to forty five years.
R.C. 2929.41(E)(1), states in relevant part:
 "(E) Consecutive terms of imprisonment shall not exceed:
 "(1) the aggregate minimum term of twenty years, when the consecutive terms imposed include a term of imprisonment for murder and do not include a term of imprisonment for aggravated murder; * * *
 "(2) An aggregate minimum term of fifteen years, plus the sum of all three-year terms of actual incarceration imposed pursuant to section 2929.71
of the Revised Code and the sum of all six-year terms of actual incarceration imposed pursuant to section 2929.72 of the Revised Code, when the consecutive terms imposed are for felonies other than aggravated murder or murder; * * *"
Hence, appellant's aggregate minimum term would be reduced by statute to twenty years. The issue raised by appellant is whether the three year period of incarceration for the firearm specification is included within the aggregate minimum term of twenty years, or whether the three year period of incarceration is served prior to and in addition to the aggregate minimum term, for a total of twenty three years.
Appellee argues that appellant must serve a three year gun specification sentence consecutive to and prior to his aggregate twenty years to life sentence. Appellee cites R.C.2929.71(A) in support, which states:
 "(A) The court shall impose a term of actual incarceration of three years in addition to imposing a life sentence pursuant to section 2907.02, 2907.12, or 2929.02 of the Revised Code or an indefinite term of imprisonment pursuant to section 2929.11 of the Revised Code, if all of the following apply:
 "(1) The offender is convicted of, or pleads guilty to, any felony other than a violation of section 2923.12 of the Revised Code.
 "(2) The offender also is convicted of, or pleads guilty to, a specification charging him with having a firearm on or about his person or under his control while committing the felony.
 "(3) Section 2929.72 of the Revised Code is inapplicable."[2]
Appellee also cites to Morgan v. Ohio Adult Parole Auth.
(1994), 68 Ohio St.3d 344, 347, wherein the Ohio Supreme Court stated:
 "By enacting R.C. 2929.71, the General Assembly sought to deter and punish both the use and possession of firearms by those who commit crimes. The public policy behind this enactment is apparent: a criminal with a gun is both more dangerous and harder to apprehend than one without a gun."
According to appellee, the legislative intent in imposing a three year firearm specification is that the sentence must be served prior to any additional terms of imprisonment.
Courts do not have the authority to ignore the plain and unambiguous language of a statute under the guise of either statutory interpretation or liberal construction. SeeMorgan, supra. Rather, courts must give effect to the words utilized. See Id. R.C. 2929.41 provides, in relevant part, as follows:
 "(B) A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:
 "(1) When the trial court specifies that it is to be served consecutively;
"* * *
 "(4) when a three-year term of actual incarceration is imposed pursuant to section 2929.71 of the Revised Code:
"* * *
 "(C) Subject to the maximums provided in division (E) of this section:
"* * *
 "(2) When consecutive sentences of imprisonment are imposed for felony under division (B)(2) or (3) of this section, the minimum term to be served is the aggregate of the consecutive minimum imposed reduced by the time already served on any such minimum term, and the maximum term imposed is the aggregate of the consecutive maximum terms imposed.
 "(3) When consecutive sentences of imprisonment are imposed under division (B)(4) or (5) of this section, all of the three-year terms of actual incarceration imposed pursuant to section 2929.71 of the Revised Code * * * shall be served first, and then the indefinite terms of imprisonment shall be served, with the aggregate minimum and maximum terms being determined in the same manner as aggregate minimum and maximum terms are determined pursuant to division (C)(2) of this section.
"* * *." (Emphasis added.)
Although R.C. 2941(C)(3) directs that the three year term of imprisonment for the firearm specification is to be served prior to any indefinite term of imprisonment, R.C. 2941(C) in its entirety is made "subject to" the maximum sentences permitted under R.C. 2941(E). Hence, although the three year term is to be served first, the maximum sentence is nonetheless limited to twenty years by R.C. 2941(E)(1). As appellant points out, where the consecutive terms imposed are for felonies other than aggravated murder and murder, the legislature has provided that any three year terms of imprisonment imposed pursuant to R.C. 2929.71 are added to the aggregate minimum sentence. See R.C. 2941(E)(2). However, when the indefinite sentence is for murder, but not for aggravated murder, the legislature has made no reciprocal provision. Hence, the plain meaning to be given the language chosen by the legislature is that appellant's three year term of imprisonment for the firearm specification is not added to extend his aggregate minimum sentence beyond twenty years.
Notwithstanding our discussion herein, although the sentence issued by the trial court was error, such judgment is not the basis of a reversible error. In State v. White (1985), 18 Ohio St.3d 340, the Ohio Supreme Court declared that the terms of R.C. 2929.41(E)(3), then (E)(2), were self executing, operating automatically to limit aggregate minimum sentences. We can perceive of no reason why the same should not apply to R.C.2929.41(E)(1). We therefore hold that R.C. 2929.41(E)(1) automatically operates to limit appellant's aggregate minimum term of imprisonment to twenty years, including the three year term of imprisonment imposed pursuant to R.C. 2929.71. There is no need to modify the sentence, as the effects of the statutory scheme are self-executing. See White, supra. Indeed, the trial court recognized as much in stating that the relief sought by appellant was achieved by operation of R.C. 2929.41(E)(1). As such, appellant's second assignment of error is without merit.
Because both of appellant's assignments of error are without merit the judgment of the trial court is affirmed.
Cox, J., concurs in judgment only; see concurring opinion Waite, J., concurs
APPROVED:
 ------------------------------ Gene Donofrio Presiding Judge
[1] Because appellant was sentenced prior to July 1, 1996, the changes wrought by Senate Bill 2 are not applicable in this case. See State v. Banks (1996), 116 Ohio App.3d 659. Hence, all statutes referred to herein are as they existed prior to July 1, 1996.
[2] 2929.72 of the Revised Code deals with a six-year term of actual incarceration for offenses involving an automatic firearm or a firearm muffler or silencer.