OPINION
This appeal is taken by Defendant-Appellant Charles Blumenschein from the judgment entered by the Court of Common Pleas of Union County denying his motion for judicial release and his motion to vacate and set aside sentence.
On April 19, 1996 Blumenschein was indicted on charges resulting from the alleged sexual molestation of his adolescent daughter. On June 2, 1996, Blumenschein was found guilty of five counts of rape, sexual battery, felonious sexual penetration and one count of gross sexual imposition. Blumenschein was sentenced to two terms of ten to twenty-five years for conviction on the charges of rape and felonious sexual assault. He was also sentenced to two terms of two years for the conviction on the charges of sexual battery and gross sexual imposition. All charges were to be served concurrently.
On February 10, 2000, Blumenschein filed a motion to vacate and set aside sentence and a motion for judicial release. The Court overruled both motions on February 11, 2000. On appeal from that dismissal Blumenschein makes several assignments of error.
Blumenschein's assignments of error are argumentative and disjointed, but we understand his complaint to be, that the trial judge incorrectly denied his motions as a matter of law because according to R.C. 1.58 he is entitled to receive the more lenient sentences for his crimes offered under the new sentencing of laws of Senate Bill 2 and thus, after resentencing accordingly, would be entitled to release. Moreover, Blumenscheim contends that failure to apply the new sentencing guidelines contained in Senate Bill 2, has resulted in the violation of several of his constitutional rights including his right to equal protection, due process, freedom of speech, freedom from cruel and unusual punishment and finally freedom from twice being put in jeopardy of life or limb.
We overrule Blumenscheim's assignments of error based on Stateex rel. Maynard v. Corrigan (1998), 81 Ohio St.3d 332,691 N.E.2d 280. See also, State v. Banks (1996), 116 Ohio App.3d 659,688 N.E.2d 1118; State v. Bell (Aug. 28, 1997), Marion App. No. 9-97-27, unreported; State v. Poling (May 1, 1998), Allen App. No. 1-97-76, unreported. In Corrigan, the Supreme Court of Ohio held that Senate Bill 2 "does not apply to person convicted and sentenced prior to July 1, 1996." Corrigan, 81 Ohio St.3d at 333,691 N.E.2d 280. Therefore, because Blumenschein has no right to be re-sentenced under the new and more lenient Senate Bill 2 sentencing guidelines neither the Ohio Constitution or the United States Constitution are implicated.
No error having been shown, the judgment of the Court of Common Pleas of Union County is affirmed.
WALTERS and SHAW, JJ., concur.