[Cite as *State v. Stanley*, 2012-Ohio-2802.]

# IN THE COURT OF APPEALS OF CLARK COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 11CA0069 |
| vs. | : | T.C. CASE NO. 11CR0133 |
| PAUL STANLEY | : | (Criminal Appeal from Common Pleas Court) |
| Defendant-Appellant | : | |

. . . . . . . . .

# **O P I N I O N**

**Rendered on the 22nd day of June, 2012.**

. . . . . . . . .

Andrew Wilson, Pros. Attorney; Lisa M. Fannin, Atty. Reg. No. 0082337, Asst. Pros. Attorney, 50 E. Columbia Street, 4th Flr., P.O. Box 1608, Springfield, Ohio 45501
    Attorneys for Plaintiff-Appellee

Thomas W. Kidd, Jr., Atty. Reg. No. 0066359, P.O. Box 231, Harveysburg, Ohio 45032
    Attorney for Defendant-Appellant

. . . . . . . . .

**GRADY, P.J.:**

{¶ 1}  Defendant Paul Stanley appeals from his conviction for two counts of gross sexual imposition, R.C. 2907.05(A)(4), felonies of the third degree.

{¶ 2}  In March 2011, Defendant was indicted on three counts of gross sexual imposition against two children under the age of thirteen.  Pursuant to a plea agreement, Defendant pled guilty to two of those counts and the third count was dismissed.

{¶ 3}  On August 9th, the trial court ordered Defendant to serve consecutive five-year terms in prison.  Because the court had failed to advise Defendant of his right to appeal when sentence was imposed, the court brought him back into court two days later to give him that advice.

{¶ 4}  Defendant appeals from his conviction and sentence, raising four assignments of error.

{¶ 5}  *First Assignment of Error:*

"THE TRIAL COURT ERRED IN DENYING MR. STANLEY HIS RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS BECAUSE HIS GUILTY PLEA WAS NOT ENTERED KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY."

{¶ 6}  In his first assignment of error, Defendant claims that his negotiated pleas were not knowingly, intelligently, and voluntarily entered because he entered the pleas with the belief that he would be sentenced to only two years in prison.  The record must affirmatively demonstrate that a defendant's plea was knowing, intelligent, and voluntary, or else the plea

has been obtained in violation of due process and is void. *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274.

{¶ 7} Defendant concedes that "no formalized promise was made by the trial court on the record" with regard to his sentence. Nevertheless, he contends that during plea negotiations at a "status conference," the prosecutor promised a two-year sentence. Criminal Rule 11(F) requires that "the underlying agreement upon which the plea is based shall be stated on the record in open court." The "status conference" to which Defendant refers is not part of the record before us. The existing record directly contradicts Defendant's claim, as no mention was ever made on the record of any agreement regarding sentencing.

{¶ 8} At the outset of the plea hearing, the trial court advised Defendant that as a result of his guilty pleas, he could be facing a potential ten-year sentence. Defendant agreed both orally and in writing that he understood the potential sentence. Defendant acknowledged that he had not been threatened into entering the pleas. He also conceded at the plea hearing that the dismissal of the third count in exchange for his pleas were "the full terms" of the agreement; no other promises had been made. The record fails to support Defendant's contentions.

{¶ 9} Defendant's first assignment of error is overruled.

{¶ 10} *Second Assignment of Error:*

"MR. STANLEY WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS."

{¶ 11} Counsel's performance will not be deemed ineffective unless that performance is proven to have fallen below an objective standard of reasonable representation and, in

addition, prejudice to the defendant arises from counsel's performance. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In determining whether counsel's performance has fallen below an objective standard of reasonable representation, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

{¶ 12} Hindsight may not be allowed to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. *State v. Cook,* 65 Ohio St.3d 516, 524-525, 605 N.E.2d 70 (1992). To show that a defendant has been prejudiced by counsel's deficient performance, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 13} Defendant presents three arguments in support of his second assignment of error. First, he contends that counsel was ineffective for allowing him to enter guilty pleas that were less than knowing, intelligent, and voluntary. In deciding the first assignment of error, we have already found that the record fails to support Defendant's contention that his plea was not knowing, intelligent, and voluntary.

{¶ 14} Defendant next argues that counsel was ineffective for failing to present mitigating evidence in the sentencing memorandum that counsel filed. Defendant fails to specify what that mitigating evidence might have been, and without knowing that, we cannot find either deficient performance on the part of trial counsel or prejudice to the defendant.

**{¶ 15}** Defendant also claims that "[u]pon learning of the intention of the Court to not sentence according to the recommendation previously made by the government," counsel should have filed a motion to withdraw his guilty pleas. (Brief, p. 4). At the sentencing hearing, the State recommended a prison term, without specifying a length of the suggested term. The record does not contain any other recommendations that the State may have made. Nor does the record reflect that counsel had learned of the court's intention to order consecutive five-year sentences before they were actually imposed.

**{¶ 16}** Defendant's second assignment of error is overruled.

**{¶ 17}** *Third Assignment of Error:*

"THE TRIAL COURT HAD NO AUTHORITY IN SENTENCING MR. STANLEY TO CONSECUTIVE TERMS IN PRISON."

**{¶ 18}** In his third assignment of error, Defendant contends that pursuant to R.C. 2929.41(A), the trial court was required to impose concurrent sentences rather than the consecutive sentences the court imposed. Defendant relies on R.C. 2929.41(A). However, at the time of Defendant's sentencing, R.C. 2929.41(A) had been severed from the sentencing statutes and was not in effect. *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph four of the syllabus. The Supreme Court has held that, as a result of *Foster,* trial courts have the discretion and the inherent authority to determine whether a prison sentence within the statutory range shall run consecutively or concurrently. *State v. Baker,* 119 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328, ¶ 18 and 19.

**{¶ 19}** We acknowledge that subsequent to *Baker,* the legislature enacted Am.Sub.H.B. 86, which contains a revised version of R.C. 2929.41(A), stating that, with

certain limited exceptions that do not apply here, prison terms "shall be served concurrently." However, the revised section did not become effective until September 30, 2011, more than a month after Defendant's sentencing hearings on August 9 and 11, 2011. New sentencing guidelines, including R.C. 2929.41(A), do not apply to defendants already sentenced under prior law. *State v. Buford,* 8th Dist. Cuyahoga Nos. 97218 & 97529, 2012-Ohio-1948, ¶ 31 (defendant sentenced a month before the statute went into effect), citing *State v. Banks, 116 Ohio App.3d 659, 688 N.E.2d 1118 (3d Dist.1996).* Revised Code 2929.41(A), therefore, is inapplicable to Defendant.

**{¶ 20}** Defendant's third assignment of error is overruled.

**{¶ 21}** *Fourth Assignment of Error:*

"THE TRIAL COURT FAILED TO PROPERLY CONSIDER THE PRINCIPLES OF SENTENCING AND RECIDIVISM OF THE OFFENDER IN SENTENCING MR. STANLEY TO THE MAXIMUM OF TEN YEARS IN PRISON."

**{¶ 22}** In his fourth assignment of error, Defendant maintains that the trial court failed to address either the seriousness factors in R.C. 2929.11 or the recidivism factors in R.C. 2929.12. The claim is belied by the trial court's pronouncements during the sentencing hearing.

**{¶ 23}** The court explained:

The Court has reviewed the pre-sentence report. It makes note that the ages of the children at the time of the offenses were between eight and nine for the one child and ten and eleven for the other child. Both have been psychologically scarred. Both have trouble even enjoying going outside to their grandfather's house now.

It doesn't appear that we're talking about one isolated incident. It's something that went on for some period of time. The Defendant would invite the children up onto his porch as they were walking by for candy and then began mistreating them.

Actually, right out in the open on his porch or on his golf cart riding around on the property in front of each other, and it appears from the report, in front of a third child, at least, as to one of the incidents on the golf cart.

He made sure to tell them they couldn't tell anybody what was going on and asked them when they came back if, in fact, they did tell anybody. So, he knew and was well aware what was going on and could result in trouble for him. He was obviously concerned more for his own welfare than that for the children.

The offense of the children this young will result in, as I indicated, psychological scarring for a very long time. He does not seem to be in genuine remorse here.

In negotiating this plea, another felony of the third degree is being dismissed, although the investigative reports and statements, both of the victims and the Defendant would indicate that all three offenses were committed.

{¶ 24} Defendant further argues that his lack of a criminal record prior to the current offenses weighs against the imposition of maximum sentences. Although his lack of a previous criminal record is certainly a factor for the trial court to consider, in this case that factor is offset by the demonstrated need to protect the public from future crimes by the defendant.

{¶ 25} Finally, Defendant claims that the trial court failed to consider the burden on state resources that his sentence would impose. That consideration is a statutory factor found in the recently enacted version of R.C. 2929.11(A), another provision of Am.Sub.H.B. 86, which became effective on September 30, 2011, more than a month

after Defendant was sentenced. Therefore, the trial court was not required to consider the burden on state and local government resources that its sentence would impose.

{¶ 26} Defendant's fourth assignment of error is overruled. The judgment of the trial court will be affirmed.

FROELICH, J., And HARSHA, J., concur.

(Hon. William H. Harsha, Fourth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

**Copies mailed to:**

**Lisa M. Fannin, Esq.**
**Thomas W. Kidd, Jr., Esq.**
**Hon. Richard J. O'Neill**