[Cite as *State v. Johnson*, 2013-Ohio-1788.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98594

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTHONY JOHNSON

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-528422

**BEFORE:** Keough, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 2, 2013

**APPELLANT**

Anthony Johnson
No. 581-843
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Kristin Karkutt
     Daniel T. Van
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

**{¶1}** This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. The purpose of an accelerated appeal is to allow the appellate court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983); App.R. 11.1(E).

**{¶2}** In February 2010, defendant-appellant, Anthony Johnson, was convicted of one count of murder with a repeat violent offender specification, and two counts of child endangering. He was sentenced to 15 years to life on the murder conviction, 10 years on the repeat violent offender specification, and after the trial court merged the two counts of child endangering, he was given an 8-year sentence. These sentences all ran consecutive, for a total prison term of 33 years to life.

**{¶3}** In August 2011, this court affirmed Johnson's convictions in *State v. Johnson*, 8th Dist. No. 94813, 2011-Ohio-1919. However, this court found that the murder and child endangering convictions were allied offenses and should have merged for sentencing. *Id.* at ¶ 74. Accordingly, this court reversed Johnson's sentence and remanded the case to the trial court to merge the convictions and for the State to elect on which count the court should proceed with sentencing. *Id.* at ¶ 74-75.

**{¶4}** On remand, the State elected to proceed with sentencing on the murder count. The trial court sentenced Johnson to 15 years to life on the murder count to run

consecutive to the 10-year repeat violent offender specification, for an aggregate prison term of 25 years to life.

{¶5} In this delayed appeal, Johnson challenges his sentence following remand. He raises one assignment of error — that his counsel was ineffective for failing to object to (1) the sentence as either being contrary to law or excessive, (2) the fact that the record failed to address any factors regarding seriousness or recidivism, and (3) any costs, fines, or fees imposed.

{¶6} In considering whether trial counsel was ineffective, the defendant must prove that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding. *See Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶7} As the Ohio Supreme Court made clear in *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, "a sentencing hearing on remand is limited to the issue found to be in error on the appeal." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 16, citing *Saxon*. This court remanded Johnson's case solely for merger of the allied offenses and for resentencing based on the election made by the State. Accordingly, only issues that arose from the resentencing hearing will be considered in this delayed appeal.

{¶8} Johnson fails to explain how his sentence was contrary to law or excessive. He was convicted of murder with a repeat violent offender specification. Pursuant to

R.C. 2929.02(B)(1), an indefinite sentence of 15 years to life is required for those convicted of murder in violation of R.C. 2903.02. Moreover, the repeat violent offender specification as applicable in this case could carry up to a 10-year sentence, which is served prior and consecutive to the predicate charge. Accordingly, Johnson's 25 years to life sentence was not contrary to law or excessive.

{¶9} As for Johnson's argument that his counsel was ineffective for failing to object to the trial court's lack of consideration of the seriousness and recidivism factors, the trial court's journal entry indicates that it considered the required factors prior to imposing the sentence. At the time the resentencing occurred, this was sufficient. *See, e.g., State v. Burrell*, 8th Dist. No. 95512, 2011-Ohio-2533, ¶ 18-19.

{¶10} Finally, Johnson did not appeal the imposition of court costs in his direct appeal; thus res judicata bars this argument in this delayed appeal. Nevertheless, counsel is ineffective if he fails to file an affidavit of indigency for the defendant where the record shows a reasonable probability that the defendant would have been found indigent. *State v. Britton*, 8th Dist. No. 98158, 2013-Ohio-99, ¶ 8. At his initial sentencing in February 2010, Johnson was not ordered to pay any fines, but rather was ordered to pay court costs. The trial court's sentencing entry seems to question whether Johnson was in fact indigent due to his ownership of certain real property. Accordingly, there is no evidence that Johnson would have been found indigent at resentencing for purposes of paying court costs.

**{¶11}** Accordingly, Johnson's sole assignment of error is overruled. Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR