[Cite as *Olmsted Falls v. Clifford*, 2014-Ohio-2397.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100375**

## CITY OF OLMSTED FALLS

PLAINTIFF-APPELLEE

vs.

## RICHARD L. CLIFFORD, III

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Berea Municipal Court
Case No. 12-CRB-01226

**BEFORE:** Keough, J., Celebrezze, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 5, 2014

**ATTORNEYS FOR APPELLANT**

Michael E. Stepanik
Jack W. Bradley
520 Broadway
Third Floor
Lorain, Ohio 44052

**ATTORNEY FOR APPELLEE**

Santo T. Incorvaia
Prosecutor
City of Olmsted Falls
5005 Rockside Road, Suite 600
Independence, Ohio 44131

KATHLEEN ANN KEOUGH, J.:

{¶1} This appeal was heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion. *State v. Johnson*, 8th Dist. Cuyahoga No. 98594, 2013-Ohio-1788, ¶ 1, citing *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983); App.R. 11.1(E).

{¶2} On August 24, 2012, appellant, Richard Clifford, was charged in two cases in the Berea Municipal Court with telephone harassment in violation of R.C. 2917.21. He subsequently pled no contest in both cases and was found guilty of one count of telephone harassment, a first-degree misdemeanor, and an amended charge of disorderly conduct in violation of R.C. 2917.11(E)(3), a fourth-degree misdemeanor.

{¶3} On October 26, 2012, the municipal court sentenced Clifford to 180 days in jail for the telephone harassment offense and ordered "jail time consecutive with other case(s) sentenced on this date." On the same day, the court sentenced Clifford to 30 days in jail for the disorderly conduct charge and credited him with 27 days served, leaving him with 183 days to serve on both cases. The trial court remanded Clifford to the Cuyahoga County jail to begin serving his sentence.

{¶4} On November 6, 2012, while serving his sentence on the misdemeanor charges, Clifford was sentenced by the Cuyahoga County Common Pleas Court in an unrelated felony case (Cuyahoga C.P. No. CR-11-551710) to a prison term of one year to

be served in the Lorain Correctional Institution. On November 13, 2012, Clifford was transferred from the Cuyahoga County jail to the Lorain Correctional Institution to serve the one-year sentence. He was released on June 19, 2013.

{¶5} Upon determining that Clifford had served only 13 of the 183 days ordered on the misdemeanor charges, on June 18, 2013, the municipal court issued a warrant for his arrest. On June 20, 2013, Clifford appeared before the municipal court, which reimposed the original sentence of 183 days, credited 13 days served, and ordered Clifford jailed to serve the remaining 170 days.

{¶6} On June 26, 2013, Clifford filed a motion for release in which he asserted that he had satisfied the 180-day jail sentence by serving the one-year term in the felony case, and requested that he be released. The municipal court magistrate denied the motion, reasoning that Clifford had to serve 170 days in jail because the felony case "was pending at the time of misdemeanor sentencing," and the trial court had ordered "sentence consecutive to other cases."

{¶7} Clifford objected to the magistrate's decision and filed an emergency motion for release in which he again argued that he had satisfied his sentence of incarceration with the municipal court. The trial judge denied the motion. The judge found that the magistrate had erred in finding that the court's sentence on the misdemeanors was consecutive to the pending but unsentenced felony matter, and clarified that its order that the misdemeanor sentences would be consecutive was to cases sentenced in municipal court on that date and not to future cases. Nevertheless, the judge

ruled that the magistrate had properly denied Clifford's motion. Clifford filed a motion for reconsideration, which the trial court denied, and this appeal followed.

{¶8} Clifford asserts that the trial court erred in not granting jail-time credit on the misdemeanor sentence because he served the sentence concurrent with the prison sentence on the felony offense. He contends that pursuant to R.C. 2929.41(A), when a defendant is sentenced to a jail term on a misdemeanor and to a prison term on a felony, the misdemeanor is always served concurrently with the felony. He further contends that if there is any ambiguity regarding whether the sentences should be served consecutively or concurrently, the ambiguity must be resolved in favor of the defendant, and the sentences must be served concurrently. We agree.

{¶9} R.C. 2929.41(A), regarding multiple sentences, easily disposes of this issue. It provides that, with certain limited exceptions that do not apply here, prison terms "shall be served concurrently." Specifically with regard to misdemeanor sentences, it provides that "a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution."

{¶10} The city contends that R.C. 2929.41(A) is inapplicable, however, because it was excised by the Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. As support for its argument, the city refers us to the discussion of *Foster* by the Ohio Supreme Court in *State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328, ¶ 18-19, wherein the court stated that the severance of

former R.C. 2929.14(E)(4) and former R.C. 2929.41(A) in their entirety by *Foster* left no statute that established presumptions for concurrent or consecutive sentencing beyond the basic purposes and principles of sentencing set forth in R.C. 2929.11 and 2929.12. Accordingly, the *Bates* court said that *Foster* reinstated the common-law presumptions (i.e., that unless a sentencing judge orders otherwise, sentences run consecutively), and judges have discretion and authority to determine whether prison sentences within the statutory range should run consecutively or concurrently.

{¶11} Subsequent to *Bates*, however, the legislature enacted Am.Sub.H.B. 86, effective September 30, 2011, which contains the revised version of R.C. 2929.41(A) as quoted above, and unequivocally states that multiple prison terms "shall be served concurrently" unless certain limited exceptions apply. *State v. Stanley*, 2d Dist. Clark No. 11CA0069, 2012-Ohio-2802, ¶ 19. This court recognized the effect of Am.Sub.H.B. 86 in *State v. Davis*, 8th Dist. Cuyahoga Nos. 97689, 97691, and 97692, 2012-Ohio-3951, ¶ 16, stating "there is a presumption in Ohio that all sentencing is to run concurrent."

{¶12} Under R.C. 2929.41(B)(1), when the trial court specifies that it is to be served consecutively, a jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment. Thus, the municipal court had authority to order that the sentences on the two misdemeanor cases were to be served consecutively. However, the municipal court did not, and in fact could not, order its sentence to be served consecutive to any future

sentence yet to be imposed in the pending felony case in the common pleas court. Although a trial court may order a sentence to be served consecutive to a sentence imposed on the offender by another Ohio court, that grant of authority is limited to a sentence that has been previously imposed. *Bates* at ¶ 19; *State v. White*, 18 Ohio St.3d 340, 342, 481 N.E.2d 596 (1985). A trial court has no authority to order a sentence to be served consecutive to a future sentence not yet imposed. *Id.*

{¶13} Thus, in this case, the common pleas court could have ordered that its sentence in the felony matter be served consecutive to the sentence already imposed in the municipal court. Because it did not do so, under R.C. 2929.41(A), the sentence on the misdemeanor charges was served concurrent with the sentence on the felony charge. Accordingly, the municipal court erred in not granting Clifford jail-time credit for the time he served in prison concurrent to his misdemeanor sentence. The assignment of error is sustained.

{¶14} Reversed and remanded with instructions to the municipal court to grant Clifford jail-time credit (170 days) on the misdemeanor sentence that was served concurrent with the felony offense.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
SEAN C. GALLAGHER, J., CONCUR